The order below is hereby signed.

Signed: May 01, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TONI F. NEWMAN, | ) | Case No. 07-00689 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER

On March 19, 2008, Ford Motor Credit Company, LLC ("Ford Motor") filed a Motion for Approval of Reaffirmation Agreement or in the Alternative, for Entry of Order Confirming Termination of Automatic Stay (Docket Entry ("D.E.") No. 30), but failed to provide parties in interest with a notice of opportunity to object as required by Local Bankruptcy Rule 9013-(1)(b)(3).

Ford Motor failed to comply with the court's electronic deficiency notice issued on March 25, 2008, instructing Ford Motor to file a notice of opportunity to object. In light of the court's subsequent Order to File Amended Reaffirmation Agreement (D.E. No. 31, entered March 20, 2008), which struck the original reaffirmation agreement, Ford Motor filed an Amended

Reaffirmation Agreement on April 10, 2008 (D.E. No. 35), and presumably will renew its motion to apply to that amended agreement.  The court addresses the pending motion because it seeks relief that Ford Motor might not seek in a renewed motion.

As this court held in In re Fields, 2007 WL 430587 (Bankr. D.D.C. Feb. 3, 2007), a motion invoking 11 U.S.C. § 521 (a)(6) as a basis for seeking an order confirming that the automatic stay has terminated requires Local Bankruptcy Rule 9013-1 notice served on the chapter 7 trustee and the debtor.  But more critically, § 521 (a)(6) does not apply here because the debtor filed a reaffirmation agreement within the required 45-day period.  See In re Bond, 2007 WS 2258452 (Bankr. D.D.C. Aug. 6, 2007).  The automatic stay will not terminate even if the court disapproves the reaffirmation agreement under 11 U.S.C. § 524 (m)(1).

As to the request to approve the reaffirmation agreement, the 11 U.S.C. § 524(c)(6)(A) approval requirement does not apply here because the debtor was represented by counsel.  Although 11 U.S.C. § 524(m)(1) requires the court to review the presumption of hardship that has arisen under that provision, no order approving the reaffirmation agreement is required unless the court sets a hearing to consider disapproving the reaffirmation agreement.  In other words, the approval is not required if the court fails to set a hearing within the 60-day period of § 524

(m)(1) during which the presumption of undue hardship persists. Ford Motor, however, may file a new motion seeking a declaration regarding whether the court has decided not to disapprove the reaffirmation agreement, but it could opt instead to await the passage of 60 days after the filing of the reaffirmation agreement.  Upon consideration of the foregoing, it is

  ORDERED that the Ford Motor's Motion for Approval of Reaffirmation Agreement or in the Alternative, for Entry of Order Confirmation Termination of Automatic Stay (D.E. No. 30) is stricken without prejudice.

           [Signed and dated above.]


Copies to: Debtor; Debtor's attorney;

Michael J. Klima, Jr., Esq.
8600 LaSalle Road
Suite 200
Towson, Maryland 21286-2025
Attorney for Ford Motor Credit
Company, LLC

3